UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEX ALAVA VERGARA, | Case No.  2:26-cv-01877-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRUCE SCOTT, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Alex Alava Vergara, a citizen of Ecuador, entered the United States without inspection in 2023. Dkt. 1 ¶ 11. On May 10, 2026, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner in Kent, Washington, transferred him to the Northwest ICE Processing Center in Tacoma, Washington, and initiated removal proceedings. *Id*. ¶¶ 4, 21–22. Petitioner has not yet had a bond hearing before an immigration judge. *Id*. ¶ 11. On June 1, 2026, Petitioner filed this petition for writ of habeas corpus. Dkt. 1. On June 15, Respondents filed a return, *see* Dkt. 7, and Petitioner has not filed a traverse. The petition is ready for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Although Petitioner does not expressly refer to the Court's decision in *Rodriguez Vazquez*, this matter falls squarely within its parameters. Petitioner challenges the validity of his current detention under 8 U.S.C. § 1225(b) and states facts that demonstrate his membership in the *Rodriguez Vazquez* class. It is undisputed that at some point in 2023, Petitioner entered the United States without inspection, was not apprehended upon arrival, and is not subject to detention under any of the disqualifying provisions set forth in *Rodriguez Vazquez*. *See* Dkt. 1

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

¶ 21. While Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter. Dkt. 7 at 3.

The Court determined that similarly situated petitioners in *Rodriguez Vazquez* were entitled to a bond hearing, holding that the INA does not require mandatory detention of noncitizens who meet the definition of class membership. *See* 802 F. Supp. 3d at 1336. Petitioner has shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the Court GRANTS the habeas petition.

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner Alex Alava Vergara's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.    If Petitioner is released, Respondents must return to him any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4.    Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The parties are encouraged to confer on any fee request before filing a petition.

Dated this 7th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3